**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7391**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

JERONZA THORNE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:13-cr-00293-MOC-1; 3:17-cv-00234-MOC)

Submitted: December 21, 2021            Decided: December 27, 2021

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jeronza Thorne, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeronza Thorne seeks to appeal the district court's order denying his 28 U.S.C. § 2255 motion.[1] We dismiss this appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 29, 2020. Thorne filed the notice of appeal on September 16, 2021.[2] Because Thorne failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We deny Thorne's motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] We dismissed Thorne's previously filed appeal for failure to prosecute. *United States v. Thorne*, No. 20-7065 (4th Cir. Sept. 21, 2020) (unpublished order).

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Thorne could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).